UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

FAMILY HERNANDEZ COLON, CORP,
d/b/a Colon Supermarket, and
FS 405 INVESTMENTS LLC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Family Hernandez Colon, Corp, d/b/a Colon Supermarket, and FS 405 Investments, LLC., for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, Family Hernandez Colon, Corp, and FS 405 Investments, LLC, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Family Hernandez Colon, Corp, is a Florida for-profit corporation, authorized to do business within the state of Florida, which upon information and belief is the owner and operator of a supermarket business known as "Colon Supermarket", located at 403 NW 12th Ave, Miami, Florida, 33128, and the subject property to this action, (hereinafter "Operator", "Lessee", or "Family Hernandez Colon").

6. Defendant, FS 405 Investments, LLC, is a Florida limited liability company, which upon information and belief is the owner and operator of the commercial real property identified as Folio: 01-4102-005-1000, with post address of 403 NW 12th Ave, Miami, Florida, 33128, and the subject property to this action, (hereinafter "Owner", "Lessor", or "FS 405 Investments").

## FACTS

7. Defendant, Family Hernandez Colon, Corp, is the owner and operator of the Colon Supermarket, located at 403 NW 12th Ave, Miami, Florida, 33128, which is open to the

general public and therefore a place of public accommodation, and the subject to this action is also referred hereto as "Colon Supermarket," or "Subject Property".

8. At all times material hereto, Defendant, "FS 405 Investments", has been the owner of the commercial property that houses "Colon Supermarket", operated by Defendant, "Family Hernandez Colon".

9. As the owner/operator of "Colon Supermarket", which is open to the public, Defendant, "Family Hernandez Colon" is defined as a place of "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2)

10. On September 15, 2024, Plaintiff personally visited "Colon Supermarket", but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of "Colon Supermarket" (Defendant, "Family Hernandez Colon"), and by the owner of the commercial property which houses "Colon Supermarket" (Defendant, "FS 405 Investments").

12. As the owner and operator of a supermarket. Defendant, "Family Hernandez Colon", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of commercial property which built out and utilized as a supermarket, an establishment that provides goods/services to the general public, Defendant, "FS 405 Investments", is also defined as a "Public Accommodation" within meaning of Title III: 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14. As the owner of commercial property, which is built as a public accommodation, Defendant, "FS 405 Investments", is aware of the ADA and the requirement to provide equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and/or test the "Colon Supermarket" operated by Defendant, "Family Hernandez Colon", and located at the commercial property owned by Defendant, "FS 405 Investments", but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

17. All requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the "Colon Supermarket" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant, Family Hernandez Colon, Corp, and FS 405 Investments, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the commercial property use as "Colon Supermarket".

24. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant, FS 405 Investments, LLC, owner of the commercial property, which houses Defendant, Family Hernandez Colon, Corp, d/b/a Colon Supermarket, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, Family Hernandez Colon, Corp, (operator) and Defendant, FS 405 Investments, LLC, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Laundromat Main Entrance**

i. The plaintiff had difficulty using the main door without assistance, as the main door has a change in level. Violation: Doorway has a vertical change of level at door threshold, violating Sections 4.13.8 of the ADAAG and Sections 404.2.4.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Gonzalez v. Family Hernandez Colon**
**Complaint for Injunctive Relive**

### Supermarket Main Entrance

ii. The plaintiff had difficulty using the main door without assistance, as the main door has a non-compliant sloped surface within the required maneuvering clearance of the door. Violation: Maneuvering clearance on the pull side of the door has non-compliant slope, violating Sections 4.13.6 of the ADAAG and Sections 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Access to Goods and Services - Supermarket

iii. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

### Accessible Route inside Supermarket

v. The plaintiff had difficulty to transit through store aisles without assistance, as inside the store the self-serve aisles do not maintain the required clear width requirements creating barriers for people using wheelchairs or other mobility devices violating of Section 4.3.3 of the ADAAG and Section 403.5.1, 403.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Unisex Accessible Restroom - Supermarket

vi. The plaintiff could not enter the restroom without assistance, as the door has a non-compliant hardware. Violation: Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not locked the restroom without assistance, as it is not mounted at the required height. Violation: Locking hardware is not mounted in accordance with Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty opening the door, as the store items inside the restroom area encroaching the maneuvering clearance on the door. Violation: Store Items encroaching over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

ix. The plaintiff had difficulty using the lavatory without assistance, as the required clear floor space was not provided due to encroaching store item Violation: Store items are encroaching over the accessible lavatory clear floor space. Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from the side wall. Violation: Water closet rear wall grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xv. The plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. Violation: The paper towel dispenser is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi. The plaintiff could not use the toilet tissue dispenser without assistance, as it is not mounted at the required location. Violation: The toilet tissue dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xvii. The plaintiff could not use the soap dispenser without assistance, as it is not mounted at the required location. Violation: The soap dispenser is not mounted in accordance with

**Gonzalez v. Family Hernandez Colon**
**Complaint for Injunctive Relive**

Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Family Hernandez Colon, Corp, d/b/a Colon Supermarket, and FS 405 Investments, LLC. Defendant, FS 405 Investments, LLC, (owner of the commercial property) and Defendant, Family Hernandez Colon, Corp, (lessee of the commercial property and operator of the Colon Supermarket located therein) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this October 6, 2024.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*